■ In the Matter of the Claim of RUSSELL E. HENNEMAN, Respondent, against ENDICOTT JOHNSON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— The self-insured employer appeals from an award for reduced earnings at the rate of $9.31 per week from December 15, 1954 to December 7, 1955 on the grounds that there was no substantial evidence for the finding that claimant had causally related disability preventing him from doing his regular work after March 25, 1953 and further that for the period of the award, as a matter of fact and law, there was no loss of earnings. Claimant was employed as a crane helper in the tannery and on March 19, 1952, while working in said tannery, the crane caught him and he received a fractured cervical vertebra and lacerations of the scalp. The findings of the board also mention a fracture of the left leg but this was not associated with the accident in question and is in no way involved in the issues here presented. As a result of the injury, claimant was totally disabled until December, 1952, thereafter returned to light work and in March, 1953, resumed his regular work although he suffered from a permanent partial disability. The medical report, dated December, 1954, states in part: "Patient has been doing his regular work for almost two years. He is a craneman's helper. He uses both hands on the job and he has been able to do his regular work without any difficulty. He says that is all he can do. He cannot handle extra heavy hides or hides where he has to grip with the left hand. He cannot do any extra work. He also stated that as far as his job is concerned when there is work to do he can do it perfectly O. K. He says that formerly he used to help out on pulling jobs and hanging leather. When the rack broke he sometimes had to pull hides out and rehang them. He states that he has been unable to do these jobs because of his condition. * * * Evaluation of this patient reveals that he is able to do his job perfectly normally but grasping, especially with the fingers curled on small objects or holding small objects in the hand, I would say would not be too well done by this patient with the left hand." Claimant testified that prior to his accident he was paid on a piecework basis and flat rate for other work which he performed when necessary. The other or "extra work" consisted of rehanging hides when a rack broke and which he claimed he was unable to perform after the accident. At a subsequent hearing in 1956 he testified this "extra work" consisted of handling freight which amounted to $5 to $20 per week extra and which he was no longer able to do. In January, 1955, the Referee found his former average weekly wage was $76.05; that for part of the years 1953 and 1954 his earnings were $66.27 or a difference of $9.78 per week and made such award from March 25, 1953 to December 15, 1954, which was paid by the self-insured employer without appeal. The time period concerned in this appeal is from December 15, 1954 to December 7, 1955, at $9.31 per week. The board having made a previous finding of reduced earnings based upon permanent partial disability and in view of the medical testimony and particularly the testimony of the claimant himself as to disability, the board was justified in making a finding of causal relation between the injury and the related period of disability. This was the type of injury

for which no medical testimony was necessarily required, the claimant's testimony and demonstration of limitation being sufficient under the circumstances. The employer further contends that there is no proof that the employee did any extra work between the dates of December 15, 1954 to December 7, 1955 and offered evidence by way of payroll records. The claimant testified that he worked all the times when work was available. The record is void of testimony as to any actual "extra" work during the period and whether that was due to physical inability resulting from the partial disability or economic conditions as alleged by the employer is not shown. Accordingly, the matter should be remitted for clarification of this issue. Award reversed and remitted, with costs to the appellant and against the Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.